# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

QUINTON N. ROBINSON, ESQ., ATTORNEY AT LAW, P.C.

Quinton N. Robinson, Esq.

New Jersey Bar No. 043492007

33 Wood Avenue South

Suite 600-402

Iselin, New Jersey 08830

Phone – 973-961-1006

| | |
|---|---|
| **JOHN LEON HALLUMS** : | |
| *10648 Sheryl Turn,* : | |
| *Waldorf, Maryland 20603* : | |
| *Plaintiff,* : | |
| : | |
| v. : | ***UNITED STATES DISTRICT COURT*** |
| : | |
| **JOHN F. KENNEDY JR.,** : | DATE: October 28, 2025 |
| **SECRETARY, UNITED STATES** : | Civil Complaint |
| **DEPARTMENT OF HEALTH AND** : | |
| **HUMAN SERVICES** | |
| *The Hubert H. Humphrey Building* | |
| *200 Independence Avenue, S.W.* | |
| *Washington, DC 20201.* | |
| *Defendant.* | |

## EMPLOYMENT DISCRIMINATION
### 42 U.S.C. 2000e

**COMES NOW,** John Leon Hallums and states as follows:

## I.    The Parties

**(a)** Plaintiff, John Leon Hallums, resides at 10648 Sheryl Turn, Waldorf, Maryland 20603.  During the period of unlawful employment discrimination, plaintiff worked in the position of Mechanical Supervisor, WS-11, with the Bio Safety Laboratories Division of Facilities Operations and Maintenance.  **(b)** Defendant, U.S. Department of Health and Human Services, is located at 200 Independence Avenue SW, Washington, DC.

## II.  Introduction and Factual Allegations

1. Plaintiff's MSPB appeal and EEOC formal complaint were filed on July 11, 2024 and May 28, 2024, respectively.  Plaintiff filed his MSPB appeal *(DC-0752-24-0707-I-1)* on July 11, 2024.

2. MSPB notice of deficiencies was mailed on August 5, 2024.  At that time, the Agency was aware of the MSPB appeal which contained EEOC-related acts of unlawful employment discrimination.

3. On July 31, 2024, and August 2, 2024, Plaintiff worked with EEO Counselor, Deneen Hodges, to finalize Plaintiff's formal EEO complaint identified as *HHS-NIH-ORF-101-24*.  *See Exhibit #3.*

4. Other similar EEOC initial contact communications also occurred between Hodges and Plaintiff on October 31, 2024.

5. On November 18, 2024, the MSPB dismissed Plaintiff's appeal based on lack of jurisdiction. *See Exhibit #1.*

6. Through a December 23, 2024 amendment to his original formal EEO Complaint, Plaintiff provided the Agency with notice of MSPB's jurisdictional based dismissal.  *See Exhibit #4.*

7. This notice required the Agency to process Plaintiff's existing and amended EEO formal complaints.

8. The Agency consistently failed in the processing of Plaintiff's EEOC claims.

9. On or before February 6, 2025, the Baltimore EEOC Field Office recognized unlawful adverse EEOC processing by Defendant as related to one of Plaintiff's formal EEOC complaints. ***See Exhibit #5-7.***

10. The EEOC stated in relevant part: "The Baltimore U.S. Equal Employment Opportunity Commission issue to Agency a Notice of Intent to Sanction Agency in a separate case related to Plaintiff. The sanction related to Plaintiff's EEOC case identified as 531-2025-00080x with HHS-NIH-ORF-130-23." ***See Exhibit #5-7.***

11. ***THE EEOC COMPLAINTS.*** Complaint contacted the Health and Human Services, National Institute of Health, ORF office on or before *(i)* August 17, 2023 – August 18, 2023; *(ii)* August 21, 2023; *(iii)* July 31, 2024; *(iv)* August 16, 2024; *(v)* August 17, 2024; *(vi)* October 18, 2024, and *(vii) October 31, 2024.*

12. On each date of EEOC counselor contact, Complaint intended to file, amend or clarify various EEOC complaints based on unlawful discriminatory adverse ***actions taken*** by the agency against John Leon Hallums. ***See Exhibit #4-1 to 4-5.***

13. The adverse actions were on the basis of *(a)* race (African American), *(b)* retaliation based on prior EEO participation and *(c )* unlawful workplace harassment. ***See Exhibit #4.***

14. Plaintiff filed his MSPB appeal on July 11, 2024, and was notified of deficiencies with the initial appeal.

15. At that time, the Agency was aware of the MSPB appeal which contained EEOC-related acts of unlawful employment discrimination. The same or similar facts of the MSPB appeal were contained in the EEOC informal and formal complaints.

16. In its final decision (FAD), the Agency relies on multiple erroneous statements of legal facts. **On page one (1)** of the FAD the Agency states in relevant part: "The Complainant filed a formal complaint on June 3, 2024. An acknowledgment letter was issued to the Plaintiff on June 3, 2024.

17. The defendant erroneously concluded that the date of the last alleged discriminatory action occurred on February 28, 2024." *(See FAD at Agency Procedural History.)* ***See Exhibit #6-1.***

18. The applicable EEOC Counseling report noted that the 45th calendar day after last event of discrimination was May 20, 2024. ***See Exhibit #6-1 to 6-3.***

19. The February 28, 2024 date conflicts with the EEOC Counseling date of May 20, 2024.

20. The conflict in dates as related to last date of EEOC adverse action reveals a pattern of processing errors targeted to Plaintiff after Plaintiff participated in the EEOC process. ***See Exhibit #6-1 to 6-3.***

21. Defendant ignored the fact that Plaintiff timely filed Plaintiff's formal complaint on June 3, 2024. ***See Exhibit #4-1 to 4-5.***

22. Defendant ignored the fact that Plaintiff filed a mixed case.

23. ***Mixed EEOC – MSPB cases are defined as follows: ". . .*** A federal employee who suffers an adverse personnel action and also alleges discrimination in violation of Title VII of the Civil Rights Action of 1964, 42 U.S.C.S. 2000e et seq., presents a mixed case.' Pursuant to 29 C.F.R. 1614.302(b), the employee is afforded two options: file either a mixed case complaint with Agency EEOC office or a mixed case appeal directly with the Merit Systems Protection Board ***(MSPB).  See Burkhart v. Potter, 166 Fed. Appx. 650.***

24.  If the MSPB determines it lacks jurisdiction over the appeal, the EEOC may then assume jurisdiction over the complaint.  This is because the claim is no longer considered a "mixed case" and becomes an EEO complaint to be processed according to standard EEO procedures. ***See MSPB regulation at section 25.04.   (ii)*** A mixed case is one in which an employee alleges that an employment action of an agency adversely affected him and is appealable to the MSPB, and that a basis for the adverse action was unlawful discrimination. ***See 5 U.S.C. SECTION 7702(a)(1)(A-B).  See Klingman v. IRS, 272 Fed. Appx. 166 (April 9, 2008).***

25. The Agency's Final Agency Decision with respect to Case No. HHS-NIH-ORF-101-24, does not recognize the fact that Plaintiff, John Leon Hallums, contacted the Agency on April 24, 2024 regarding discriminatory adverse action occurring on April 5, 2024.  The agency received Plaintiff formal complaint on May 28, 2024. ***See Exhibit #7-1 to 7 - 4. See Exhibit #8 – 1 to 8 - 2.***

26. These contacts are deemed an EEOC election of filing as an election between the EEOC and the M.S.P.B.  The agency failed to process these complaints based on discriminatory reasons. ***See 29 C.F.R. 1614.105 (a)(b)***.  The failure to process is an adverse employment action where the EEOC provides remedies.  See **Ablestein v. Veneman**, 2004 U.S. Dist. LEXIS 33276 (Dec. 29, 2004); **Stewart v. Brennan,** 2018 U.S. Dist.

LEXIS 160099 (September 18, 2018).

27. On July 31, 2024, and August 2, 2024, Plaintiff worked with EEO Counselor, Deneen Hodges, to finalize Plaintiff's formal EEO complaint identified as ***HHS-NIH-ORF-101-24.*** Similar communications also occurred between Hodges and Plaintiff on October 31, 2024. ***See Exhibit #1 - 2.***

28. The August 17, 2023, August 18, 2023 and August 21, 2023 contacts are deemed sufficient intent to file contacts. Under EEOC regulations, an employee must initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory, or in the case of a personnel action, within 45 days of the effective date of the action. See 29 CFR 1614.105(a)(1).

29. Notably, Plaintiff, John Leon Hallums, contacted the EEO office with the intent to file an EEO complaint. The EEO contact date was *August 17, 2023, August 18, 2023 and August 21, 2023*. ***See 29 C.F.R. 1614.105(a)(1). (EEOC Counselor Contact).*** The purpose of the EEO contact on these dates was to file a complaint related to specific adverse actions recognized by the Equal Employment Opportunities Commission. The specific adverse actions on the aforementioned dates were also prohibited by specific Agency rules, regulations and directives listed and promoted by the Agency's Human Resources Office and Office of Equal Employment.

30. Despite Plaintiff's timely contact with the EEO office on *August 17, 2023, August 18, 2023 and August 21, 2023,* the Agency did not engage in the informal EEO process nor the formal EEO process. *On page 1 of the Agency's Final Decision, the Agency erroneously stated: "The Complainant contacted an EEO Counselor on April 24, 2024."* This assertion is not true as the Plaintiff (Complainant) contacted the EEO Counselor on August 17, 2023, August 18, 2023 August 21, 2023, and April 24, 2024.

31. On June 3, 2024, Defendant, ***through Chinara Brown, Director, Informal Complaints,*** informed plaintiff in writing that Defendant acknowledged receipt of Plaintiff's discrimination formal complaint (HHS-NIH-ORF-101-24) dated May 28, 2024 and received by Defendant on May 29, 2024. ***See Exhibit #7-1 to 7 – 4. See Exhibit #8 – 1 to 8 - 2.***

32. The EEO Counselor failed to process the claims at the informal stage because of Plaintiff's race and Plaintiff's prior participation in the EEOC process. ***See 29 C.F.R.***

*1614.105 (a)(b)*.

33. According to the EEOC Counseling report, the date of the last discriminatory event was April 5, 2024.  The EEOC Counseling report noted that the 45th calendar day *after last event* of discrimination was May 20, 2024.

34. The Agency's discriminatory *adverse action* included the unlawful *(June 18, 2024)* reduction in grade and pay based on *(A)* race (African American); *(B)* retaliation (prior EEO activity)(Mr. Hallums engaged in the EEO process on August 18, 2023 when he reported workplace violence); and *(C )* harassment retaliation (harassment retaliation occurred when Mr. Hallums was downgraded after participation in the EEOC process on or before August 18, 2023.  The adverse action of downgrade in pay occurred within 5 (five) months after Mr. Hallums reported unlawful workplace discrimination in the form of physical attack harassment.  Plaintiff filed a MSPB appeal of the down grade.  The MSPB down grade appeal included facts, issues and claims of unlawful workplace discrimination.  See **Perry v. MSPB,** 582 U.S. 420, **Burkhart v. Potter**, 166 Fed. Appx. 650, **Starr v. Potter**, 2009 U.S. Dist. LEXIS 26866. (A mixed case arises when a federal employee challenges a serious personnel action appealable to the MSPB and alleges that the action was based on discrimination.) 29 C.F.R. 1614.302.

35. On or about May 8, 2023, one of Complainant's *supervisory coworkers* posted a political race based statement.  The political post stated in relevant part: "Close our borders.  Let's see how many shares we can get." *See Supervisory Posting of Political Statement.* The supervisor was not punished for the aforementioned statement.   Based on Complainant's knowledge and belief, the HHS NIH supervisor and or coworker did not suffer any adverse action based on the political posting of the supervisor.

36. Plaintiff's MSPB appeal and EEOC formal complaint arise from the same or similar facts, occurrences or transactions.  Plaintiff's formal complaint was filed on May 28, 2024.  For example, Plaintiff's supervisor received more favorable treatment than John Leon Hallums with respect to the same or similar conduct as related to posting of political messages.  In his EEO complaint, Plaintiff pointed out the similarities to the EEOC Counselor Deenan Hodges.  See **Shah v. United States**, 540 Fed. Appx. 91 (U.S. Ct. Appeals 3rd Circuit) (September 30, 2013).  The Shah court explained: ". . . Federal courts look to whether the claims arise out of the same transaction or occurrence, see

*Lubrizol Corp. v. Exxon Corp*., 929 F.2d 960,963 (3rd Cir. 1991), and the focus is on "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same."

37. On January 15 to 16, 2024, Mr. Hallums posted a political picture on his facebook page. In contrast and in a discriminatory manner, Complainant suffered an adverse action in the form of a demotion to a lower grade, during a probationary period, when the Agency opened an investigation into the Mr. Hallums' face book posting of a political message which contained a cotton harvesting picture. In essence, Complainant suffered the aforementioned *(June 18, 2024)* reduction in grade adverse action because Complainant engaged in private political speech like thousands of similarly situated federal employees.

38. Specifically on August 16, 2023, Complainant, John Leon Hallums, was physically attacked by coworker named Donnell Griffin. ***See Exhibit #2.*** Mr. Donnel Griffin, at the time of the attack on Complainant, was on the property of HHS and otherwise at work. In the form of a workplace harassment complaint, Complainant reported the physical attack to *(a)* Antonio Williamson; *(b)* Angelo Parker; and *(c )* Reginald Stewart via email on August 17, 2023 at 8:07 am. Although Complainant's work place harassment complaint was articulated in a clear statement with respect to time, place and manner of unlawful harassment, *(a)* Antonio Williamson; *(b)* Angelo Parker; and *(c )* Reginald Stewart, agency officials deems sufficient as EEOC counselors. Never provided an adequate response designed to stop and prevent further known workplace harassment. Later, due to Plaintiff's harassment report, Mr. John Hallums suffered an adverse action in the form of down grade in pay and work duties as a result discrimination based on **(i)** race, **(ii)** retaliation and **(iii)** harassment retaliation.

39. Complainant, John Leon Hallums, was demoted after Complainant engaged in personal, private political speech using Complainant's own social media facebook page. Specifically, Complainant on or about ***January 16, 2024***, Complainant reposted a cotton field picture on Complainant's facebook page. The cotton field picture depicted young men harvesting cotton manually, rather than by use of mechanical harvest methods. Under the same or similar political speech posting situation, other similarly situated employees within complainant's work group were treat more favorably.

40. The following protected groups were treated more favorably: **(a)** white men, **(b)** employees not participating in prior EEO activity; and **(c )** employees not reporting acts of unlawful work place harassment. Complainant had a right to privately post the cotton harvest picture, pursuant to the U.S. Constitution, federal employment statutes and NIH rules and regulation.  When Complainant posted the cotton harvesting picture, Complainant did not accommodate the picture with any written messages.  Any viewer, if interested, based on his or her own social, political imagination, make individualized personal conclusions concerning the potential political messages connected to the cotton harvest picture.  The same is true for the aforementioned posting: The HHS NIH supervisory political post stated in relevant part: "Close our borders.  Let's see how many shares we can get." ***See Supervisory Posting of Political Statement.*** The supervisor was not punished for the aforementioned statement as related to the raced based border wall.

41. In contrast, Complainant suffered an adverse action in the form of a demotion to a lower grade, during a probationary period, when the Agency initiated an investigation into the political message and artful content of the cotton harvesting picture.  In essence, Complainant suffered the aforementioned adverse action because Complainant engaged in private political speech like thousands of similarly situated federal employees.

42. Complainant, John Leon Hallums, amended his complaint pursuant to 29 C.F.R. 1614.106 (d).  In his December 23, 2024 amended complaint, as stated herein, Complainant included the following: (a) additional relevant dates as related to adverse actions; (b) responsible management officials; and (c) like or related issues and claims. ***See Exhibit #4.***

43. Here, the adverse action of reduction in pay and grade is inextricably linked to Complainant's report of workplace harassment occurring in August of 2023.  The reduction in pay and grade occurred on ***(June 18, 2024)***.  Complaint has presented credible facts indicating that the Agency did not adequately address the August 2023 harassment but instead took severe adverse actions against Complaint by reducing Complainant's pay and grade after complaint engaged in protected speech on or about January 16, 2024.

### III. Cause of Action

*Plaintiff realleges each and every allegation in paragraphs 1 through 43.*

44. <u>*COUNT 1.*</u> **RETALIATION.** Unlawful Workplace Retaliation pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), *42 USC 2000e-2*. **(A)** On several occasions, plaintiff participated in the EEOC complaint process. **(B)** Plaintiff also reported workplace violence. **(C )** Plaintiff engaged in protective speech. After Plaintiff's participation in EEOC, reporting violence and protective speech, Plaintiff suffered adverse employment actions in the form of down grade in pay; and non selection to advertised positions.

45. <u>*COUNT 2. HARASSMENT.*</u> *(A)*Plaintiff was subjected to unwelcome harassment in violation of **42 U.S.C. § 2000e.** *(B)* Defendant subjected Plaintiff to unlawful harassment on the basis of prior protective disclosures and plaintiff's participation in the EEOC process. *(C )* The harassment was sufficiently severe and pervasive to alter the terms and conditions of plaintiff's employment and to create a hostile work environment. *(D)* As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish. *(F)*As a direct and proximate result of such actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the plaintiff solely because of Defendant's conduct.

**WHEREFORE,** Plaintiff requests this court enter judgment in favor of plaintiff and against Defendant, for:

(a) All amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's adverse actions against Plaintiff,

(b) A judgment against the Defendants for damages, both compensatory and punitive, in an amount to be determined at trial;

(c) A tax offset to neutralize the tax burden of any award;

(d) Attorney's fees, interest and costs;

(e) Any such other legal or equitable relief as may be appropriate or to which Plaintiff may be entitled under federal or state law.

Respectfully submitted,                              **Date: October 29, 2025**

QUINTON N. ROBINSON, ESQ., ATTORNEY AT LAW, P.C.

/s/_____

Quinton N. Robinson, Esq.